Omel A. Nieves, Esq., SBN 134444
   nieves@huntortmann.com
Katherine J. Odenbreit, Esq., SBN 184619
   odenbreit@huntortmann.com
HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 North Lake Avenue, 7th Floor
Pasadena, California 91101-1807
Phone: (626) 440-5200   Fax: (626) 796-0107

Attorneys for
Plaintiff Joe Battle

2012 JUN 11 PM 1:5
CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CA
LOS ANGELES
BY ___
FILED
FAX FILING

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JOE BATTLE,<br><br>           Plaintiff,<br><br>vs.<br><br>CITY OF LONG BEACH,<br><br>           Defendant. | Case No. **CV12-5055** —JEM<br><br>**COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR JURY TRIAL**<br><br>1. FAIR LABOR STANDARDS ACT [29 U.S.C. §207(a)]<br><br>2. BREACH OF CONTRACT<br><br>DEMAND FOR JURY TRIAL |

488999.1 kjo 3732.005           1           COMPLAINT

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

**JURISDICTION AND VENUE**

1.    This action arises under 29 U.S.C. §216(b), the Fair Labor Standards Act ("FLSA"). This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

2.    The Central District of California, Western Division has personal jurisdiction over the parties in this matter. Plaintiff is, and at all relevant times herein was, a citizen of the State of California and was employed by the Defendant City of Long Beach as a sworn peace officer. Defendant City of Long Beach, is a political subdivision of the State of California.

3.    Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the acts, events or omissions giving rise to the action occurred in the present District.

**PARTIES**

4.    Plaintiff, JOE BATTLE ("BATTLE") is a resident of the City of Lynwood, County of Los Angeles, California. From approximately August 16, 1982 to August 27, 2010, BATTLE was employed as a sworn peace officer by the City of Long Beach.

5.    Defendant City of Long Beach ("Defendant" or "City") is a subdivision of the State of California.

4.    "Relevant Period" for purposes of this action means 3 years prior to the filing of the original Complaint, in addition to any time tolled as a result of the Plaintiff's opting out of the settlement in *Edwards et al. v. City of Long Beach,* USDC Central District Case No. 05CV08990-GW (PLAx). Unless otherwise stated, all Plaintiff in this action worked for Defendant during the Relevant Period.

**STATEMENT OF FACTS**

6.    Defendant is the employer of sworn peace officers of the Long Beach Police Department.

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

7. Plaintiff was a sworn peace officer with the Long Beach Police Department. Throughout the relevant time period, Plaintiff was required to work, perform duties and spend time that constituted hours worked, for which Defendant willfully, voluntarily, deliberately and intentionally failed and refused to count as time worked by Plaintiff, who in turn was not compensated at his regular or overtime rate of pay, including but not limited to, the following activities and time worked:

a. Time spent preparing for, participating in and performing pre-shift and post-shift tasks that are required, integral and an indispensible part of the work and principal activities of Peace Officers, including but not limited to, pre-shift and post-shift briefings, preparation for roll-call, inspections, preparation, review and/or finalization of reports, preparing, traveling and making court appearances or administrative hearings, collecting, returning, cleaning and/or maintaining equipment and/or required uniforms;

b. Time spent working during meal and rest breaks that were predominantly for the Defendant's benefit during which time Plaintiff was not completely relieved of duty.

c. Defendant employed policies and practices designed to discourage, dissuade and prevent Plaintiff from recording all overtime hours worked in order to intentionally avert the lawful payment of overtime wages.

8. At all times relevant herein, the City reached a tentative labor-management agreement with the employee organization representing Peace Officers that was reduced to a memorandum of understanding that became binding upon the City after adopted by its governing body. ("MOU")

9. Under the MOU, the City excluded Peace Officers from any partial exemption from §7(a) of the Fair Labor Standards Act.

10. The intent of the parties to the MOU was that the internal grievance procedure under the same is optional and limited in scope to the interpretation or

HUNT ORTMANN PALFFY NIEVES LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

488999.1 kjo 3732.005                    3                    COMPLAINT

application of a particular term of the same. Plaintiff is otherwise excepted from the internal grievance procedure because (1) the subject of this controversy lies outside the City's authority, (2) pursuit of a grievance would result in irreparable harm, (3) the grievance remedy would be inadequate, (4) the outcome of the grievance remedy is already known, rendering the grievance procedure futile, and (5) this controversy involves matters of important public policy.

11.    Plaintiff is not a party to the MOU, but is its intended beneficiary. At all times relevant to this Complaint, Plaintiff entered into a separate hiring agreement with the City which does not require an internal grievance.

## FIRST CLAIM FOR RELIEF

## (FAIR LABOR STANDARDS ACT, 29 U.S.C. §201, *et seq.*)

12.    Plaintiff alleges and hereby incorporates by reference all preceding paragraphs as if fully stated herein.

13.    At all relevant times, Defendant employed Plaintiff within the meaning of the FLSA.

14.    Under the Fair Labor Standards Act of 1938 ("FLSA") and the Portal to Portal Act of 1947 [29 U.S.C. §§201-219, 251-262], and applicable amendments, regulations and case law, each covered employer, such as Defendant, is required to compensate for each nonexempt employee, such as Plaintiff, all time spent on activities that are an integral and indispensible part of the employee's principle activities, suffered or permitted by the employer, and for all hours worked.

15.    Defendant's acts, omissions, policies and practices constitute willful, voluntary, deliberate or intentional violations of the FLSA [29 U.S.C. §207(a)] by failing and refusing to count all time and hours actually worked by Plaintiff, for which he was not compensated at his regular or overtime wage rate.

5.    As a result of the Defendant's willful failure to compensate Plaintiff, at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, the Defendant has violated, and

continue to violate, the FLSA, 29 U.S.C. §§ 201 *el seq.,* including 29 U.S.C. §§ 207(a)(1) and 215(a).

16.   As a result of the Defendant's failure to record, report, credit and/or compensate its employees, including Plaintiff, Defendant has failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *el seq.,* including 29 U.S.C. §§ 211(c) and 215(a).

17.   The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

18.   Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant unpaid wages and overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### BREACH OF CONTRACT

19.   Plaintiff alleges and hereby incorporates by reference all preceding paragraphs as if fully stated herein.

20.   Each of Defendant's acts, omissions, and violations of the FLSA constitute a breach of contract, for which Plaintiff was not required to file an internal grievance.

21.   As a direct and proximate result of Defendant's breach, Plaintiff has suffered injury, loss and damages for which Plaintiff is entitled to recovery of general and special damages according to proof, prejudgment interest, award of costs of the suit and for other relief deemed just and proper.

## PRAYER FOR RELIEF

22.   Wherefore, Plaintiffs, individually, respectfully request that this Court grant the following relief:

488999.1 kjo 3732.005                     5                          COMPLAINT

a.    Appropriate equitable and injunctive relief to remedy Defendant's violations of federal law, including but not necessarily limited to an order enjoining Defendants from continuing their unlawful practices;

b.    An award of unpaid minimum wages, wages for all hours worked and overtime compensation due under the FLSA;

c.    An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay for all hours worked as well as overtime compensation pursuant to 29 U.S.C. § 216;

d.    For recovery of general and special damages according to proof;

e.    An aware of pre-judgment and post-judgment interest;

f.    An award of costs and expenses of this action together with reasonable attorneys' fees under all applicable statutes, and;

g.    Such other and further relief as this Court deems just and proper.

DATED: June 11, 2012

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.

By: _____
OMEL A. NIEVES
Attorneys for JOE BATTLE

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

DATED: June 11, 2012

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.

By: _____

OMEL A. NIEVES
Attorneys for Joe Battle

HUNT ORTMANN PALFFY NIEVES
LUBKA DARLING & MAH, INC.
301 NORTH LAKE AVENUE, 7TH FLOOR
PASADENA, CALIFORNIA 91101-1807
Tel (626) 440-5200 • Fax (626) 796-0107

488999.1 kjo 3732.005

7

COMPLAINT

Name & Address:
OMEL A. NIEVES, ESQ. SBN 134444
HUNT ORTMANN PALFFY NIEVES LUBKA
DARLING & MAH, INC.
301 NORTH LAKE AVE, 7TH FLOOR
PASADENA, CA 91101

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| JOE BATTLE | CASE NUMBER |
|---|---|
| PLAINTIFF(S) | **CV12-5055** JEM |
| v. | |
| CITY OF LONG BEACH | **SUMMONS** |
| DEFENDANT(S). | |

TO:    DEFENDANT(S):

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.   The answer or motion must be served on the plaintiff's attorney, __OMEL A. NIEVES_____, whose address is __301 NORTH LAKE AVE, 7TH FLOOR, PASADENA, CA 91101_____. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: __JUN 1 1 2012__

By: _____
Deputy Clerk

MARI... ...AYES

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)<br>JOE BATTLE | **DEFENDANTS**<br>CITY OF LONG BEACH, and DOES 1 through 10, inclusive. |
| **(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br><br>HUNT ORTMAN PALFFY NIEVES LUBKA DARLING & MAH, INC.<br>301 NORTH LAKE AVE., PASADENA, CA 91101<br>TEL: (626) 440-5200  FAX: (626) 796-0107 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☒ No      ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. § 201 FAIR LABOR STANDARDS ACT

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☒ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE / PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 630 Liquor Laws | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | **IMMIGRATION** | ☐ 445 American with Disabilities - Employment | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | ☐ 440 Other Civil Rights | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

FOR OFFICE USE ONLY:  Case Number: _____ **CV12-5055** _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                     CIVIL COVER SHEET                     Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　　 ☐ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　　 ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　　 ☐ D.  Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☑  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
　　 **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES COUNTY | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved _____.

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date June 11, 2012

　　 **Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |